IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR437 |
| | ) | |
| v. | ) | |
| | ) | |
| GONZALO USCANGA-RAMIREZ, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the objection, Filing No. 20, to the report and recommendation of the magistrate, Filing No. 18. The government indicted the defendant charging him with being illegally and unlawfully in the United States and knowingly possessing a firearm and ammunition in violation of 18 U.S.C. § 922(g)(5)(A). Filing No. 1. Thereafter, defendant filed a motion to suppress, Filing No. 10. Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report or recommendations to which the parties object. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). Failure to engage in the required de novo review is reversible error. *Id.* at 599-600. The court has conducted a careful de novo review pursuant to 28 U.S.C. § 636(b)(1)(A) of the record; the transcript of the proceeding, Filing No. 17; the defendant's objection and brief, Filing Nos. 20 and 21; government's brief in opposition to the motion to suppress, Filing No. 19; and the magistrate's report and recommendation, Filing No. 18. The court concludes that the objections should be overruled and the magistrate's report and recommendation adopted.

**Facts**

Around 1:00 p.m. on November 15, 2005, the Lincoln police received a call from Ina Olson.  Olson is the mother of Lisa Ramirez.   Ramirez is married to and resided with the defendant. Olson called the police to report that her daughter was being held at her residence against her will by the defendant.  Officers Brandl and Hinton responded to the call at 1919 Griffith Street.   As the officers arrived, they observed Ramirez leaving the house and exiting down the steps.  The officers asked what was going on and if she was being held against her will.   Ramirez responded that it was not true and that she intended to leave with her mother. Her mother had parked in front of the house.  The officers then asked about the defendant, and Ramirez replied that he had locked himself in the bedroom and he had a gun.  She stated that defendant was upset, because she intended to leave and divorce him.  Ramirez stated that the defendant had not threatened her or himself. Officer Brandl asked Ramirez for permission to go inside the home and check on the defendant, since the defendant had locked himself in a room with a gun.  Ramirez gave the officers permission and directions on how to get to the bedroom.  Both officers then entered the residence.  They met an Hispanic male as they entered who also directed them to the bedroom.

The officers tried the door and it was locked. The officers knocked on the door, identified themselves as police, and asked defendant to unlock and open the door.   The defendant did so.  The officers relayed what they had been told by Ramirez and expressed their concern that he might hurt himself or his wife with the gun.  At that point the defendant stood near the bed, and Officer Hinton stood near the center of the bed.   When asked by the officers, defendant denied having a gun.   Officer Hinton noticed a pillow in the middle

2

of the bed.    He picked up the pillow and found a loaded revolver.   The officers then handcuffed defendant and asked where he had obtained the gun.    The defendant responded that he bought it about six months prior from a friend.  He admitted that he did not have a permit for the gun.  The officers conferred with their supervisor and determined that the handgun should be seized at that time, since defendant had no permit to keep it. However, defendant received no citation nor did the officers arrest him at that time.

**Discussion**

*A.  Warrantless Entry Into His Bedroom*

Defendant contends that the officers had no justification for entering his home and in particular his bedroom.   This court disagrees.   First, the magistrate found and the government argues that the entry into the residence and the bedroom occurred with the consent of Ramirez.  The magistrate decided this case on March 15, 2006.  On March 22, 2006, the Supreme Court determined that a warrantless search as to a defendant who had expressly refused to consent was invalid even though his spouse gave consent.  *Georgia v. Randolph*, 2006 WL 707380 (March 22, 2006). The defendant relies on this case to now argue that the consent by Ramirez was not valid as to the defendant.  The court finds this case to be inapplicable, because there is no allegation that defendant in this case expressly refused consent to the search.   In *Randolph*, the defendant expressly refused consent to search.   In this case, defendant did not refuse consent to enter and in fact opened his bedroom door.   So, to the extent the defendant believes that *Randolph* is applicable, the court finds that it is not.   More importantly, the court finds that exigent circumstances justified the entry into the bedroom without a warrant.    *See Mincey v. Arizona*, 437 U.S. 385, 392 (1978).  "An exception to the warrant requirement permits an

officer to enter a home if he or she acts with probable cause in the presence of exigent circumstances." *United States v. Schmidt*, 403 F.3d 1009, 1013 (8th Cir. 2005). The combination of Ramirez' consent, the failure of the defendant to object to the entry, and exigent circumstances relating to defendant's mental state, and his possession of a loaded weapon more than give the police sufficient justification to enter the house and the bedroom.

### B. The Search and Discovery of the Firearm

As the officers entered the bedroom, they asked the defendant if he had a gun and he responded in the negative. The officers looked around the bedroom for a gun and did not see one. There is little doubt that when Officer Hinton picked up the pillow, such action constituted a search. *Arizona v. Hicks*, 480 U.S. 321, 325 (1977). However, based on the information given to the police at the time, such action by the officers is reasonable and justified based on exigent circumstances. They believed the defendant to be distressed, had locked himself in his room, had a loaded weapon, and had some type of altercation with his wife. The court finds that for purposes of officer safety and for the safety of the defendant such actions were reasonable. *See Terry v. Ohio*, 392 U.S. 1, 27 (1968); *United States v. Williams*, 431 F.3d 1115, 1118 (8th Cir. 2005) (court must use an objective analysis and focus on what a reasonable police officer would believe to justify a warrantless search); *United States v. Walsh*, 299 F.3d 729, 733-34 (8th Cir. 2002) (court considers safety factors when considering whether exigent circumstances existed).

### C. Statements

The officers recovered the gun and then proceeded to ask the defendant questions about his ownership of the gun. Defendant was handcuffed at the time, and no *Miranda*

4

warnings were given. *Miranda v. Arizona,* 384 U.S. 436 (1966).  The magistrate concluded that such statements should be suppressed.  The court agrees with the magistrate that given these circumstances the statements must be suppressed.  There is no doubt the defendant believed that he was in police custody.  The officers admitted they did not know if he would be arrested officially or not until they had talked with their supervisor.  The court finds that this is akin to a formal arrest or at least a restraint on movement so as to implicate *Miranda*.  *See California v. Beheler,* 463 U.S. 1121, 1125 (1983); *United States v. Hernandez-Hernandez*, 327 F.3d 703, 706 (8th Cir. 2003).  There is no showing here that the officers explained to the defendant that the cuffs were placed on him as a precautionary measure and that he was not under arrest.  Accordingly, the court agrees with the magistrate that the statements should be suppressed.

**Conclusion**

The court concludes that the determination by the magistrate should be affirmed and the objections overruled.

THEREFORE, IT IS ORDERED THAT:

1.  Defendant's motion to suppress, Filing No.10, is denied;

2.  Defendant's objections, Filing No. 20, are overruled;

3.  The report and recommendation of the magistrate, Filing No. 18, is adopted in its entirety.

DATED this 13th of April, 2006.

BY THE COURT:


s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge